DARWIN L. ZWIEG, District Attorney Clark County
You ask my opinion regarding the following question:
What are the "responsibilities of town supervisors under Chapter 90 of the Wisconsin Statutes where the boundary line between two farms has not been established by survey and the two parties involved can not agree on where a partition fence should be placed."
My answer is that the responsibility of town supervisors in their capacity as fence viewers is limited to assigning to the occupants of adjoining lands the respective share of a division fence which each occupant shall erect and repair. Town supervisors are not authorized to settle boundary disputes.
Section 90.03, Stats., provides: *Page 188 
 The respective occupants of adjoining lands, used and occupied for farming or grazing purposes, and the respective owners of adjoining lands when the lands of one of such owners is used and occupied for farming or grazing purposes, shall keep and maintain partition fences between their own and next adjoining premises in equal shares so long as either party continues to so occupy the same, and such fences shall be kept in good repair throughout the year unless the occupants of the lands on both sides otherwise mutually agree.
Section 90.05, Stats., provides that the partition of the fence or of the line upon which partition fences are to be built, may be made by the owners in a witnessed writing or by the fence viewers. In deciding a case involving ch. 14, 1849 Rev. Stats., the predecessor of ch. 90, the Wisconsin Supreme Court held:
 The power conferred upon the fence-viewers by this section is merely to assign in writing to each of the adjoining occupants of enclosures his share of the partition fence or fences, and also to direct the time within which they shall respectively erect or repair the portion of such fence so assigned . . . Beyond this the fence viewers can determine nothing.
Butler v. Barlow, 2 Wis. 8, 11 (1853). Because the statute is in derogation of the common law, it must be strictly construed so as not to unconstitutionally expand the jurisdiction of the fence viewers. 2 Wis. at 12.
The words "or of the line upon which partition fences are to be built" which were added subsequent to the court's decision inButler were not intended to authorize fence viewers to partition disputed properties, but merely indicate authorization to partition the responsibility for erection and maintenance of a fence along a common property line in advance of the actual erection of the fence. Fence viewers have the authority to draw a line perpendicular to a property line, even one whose location is disputed, partitioning responsibility for a required fence, but are not authorized to settle boundary disputes. Controversies arising between occupants of adjoining parcels concerning boundaries, location of division fences, or maintenance of *Page 189 
respective shares of a division fence are not within the fence viewer's jurisdiction and, if need be, should be determined in court.
You also ask how the situation would differ if a partition fence had been placed between two respective farms for a period of twenty years, and farmer A, believing the fence was incorrectly placed, removes the fence to a different position.
As previously stated, the responsibility of town supervisors under ch. 90, Stats., is limited to assigning to the occupants of adjoining lands the respective share of a division fence which each occupant shall erect and repair, and does not authorize town supervisors to settle boundary disputes.
Finally, you ask what responsibility the district attorney has in settling fence line disputes?
Chapter 90, Stats., places no responsibility on the district attorney to settle fence line disputes between adjacent landowners concerning the necessity for a line fence, the partition of such fence or boundary disputes. By reason of other statutes, the district attorney may have a duty to advise county officials or prosecute or defend actions where state or county land is involved.
BCL:WHW